Tubb *against* Madding, *ante,* 129.

---

## Vaughan *against* Goode.

July, 1826.

THIS action was brought in *Clarke* Circuit Court, on an instrument under seal, in these words : " I, *William Goode,* " of *Elbert* County, and State of *Georgia,* do oblige myself, " my heirs, &c. to pay to *Rexban Vaughan,* his heirs, &c. on " demand, the sum of seventy-four dollars and sixty-six " cents; to which payment, well and truly to be made, I bind " myself, my heirs, &c. in the penal sum of one hundred

Bill penal, payable on demand, carries interest only from demand proved, or from date of writ.

Vaughan
v.
Goode.

" and fifty-nine dollars and thirty-two cents. Witness my
" hand and seal," &c.

It appears by the bill of Exceptions that (the defendant
having withdrawn his plea) the Court instructed the Clerk
to compute interest from the date of the writ, there being
no proof of demand before that time. There can be no
doubt that a promissory note, payable on demand, carries
interest only from the time the demand is made. The
plaintiff does not contest this principle, but relies upon the
common law doctrine, that the condition is no part of the
obligation, and is inserted for the benefit of the obligor, to
exempt him from the payment of the penalty if he choose.

The Statute directs, that in all actions brought on a penal
bond, judgment shall be rendered for no more than the
principal and interest. The judgment in this case was
therefore entered for the correct amount ; and it is the
opinion of the Court that there is no Error.

The Chief Justice not sitting.

*Parsons,* for plaintiff.

*Goode,* for defendant in Error.